IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CR-363-FL-1
NO. 5:20-CV-182-FL

| | |
|---|---|
| RICO ANTONIO GREEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE 56, 61), and respondent's motions to dismiss (DE 70), and to stay (DE 63). Petitioner did not respond to the motion to dismiss and in this posture the issues raised are ripe for ruling.

## BACKGROUND

On May 16, 2018 petitioner pleaded guilty, without a written plea agreement, to possession of a firearm by a person previously convicted of a felony, in violation of 18 U.S.C. § 922(g). On November 8, 2018, the court sentenced petitioner to 87 months' imprisonment and three years' supervised release. Petitioner appealed the court's judgment, and the United States Court of Appeals for the Fourth Circuit affirmed on October 1, 2019.

Petitioner filed the instant motion to vacate on April 29, 2020, alleging that his § 922(g) conviction should be vacated based on Rehaif v. United States, 139 S. Ct. 2191 (2019). On July 13, 2020, petitioner's appointed counsel filed amended motion to vacate raising the same claim. That same day, respondent filed the instant motion to stay. On August 16, 2021, respondent filed

the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). As noted above, petitioner did not respond to the motion to dismiss.

**COURT'S DISCUSSION**

A.    Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.    Analysis

Petitioner challenges his § 922(g) conviction for unlawful possession of a firearm. In Rehaif v. United States, the Supreme Court held that in order to obtain a conviction for unlawful possession of a firearm, the government must prove that the defendant knowingly possessed the firearm, and "knew he belonged to the relevant category of persons barred from possessing a firearm [here, those with a prior felony conviction]." 139 S. Ct. at 2200. Rehaif abrogated longstanding precedent holding that the defendant's knowledge of his prohibited status was not a

required element of a § 922(g) conviction. See, e.g., United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc), abrogated by Rehaif, 139 S. Ct. at 2191. Petitioner argues that Rehaif renders his indictment and guilty plea constitutionally deficient, and requires vacatur of his § 922(g) conviction.

Respondent raises the defense of procedural default. Generally, "claims not raised on direct appeal may not be raised on collateral review" and are thus procedurally defaulted. Massarro v. United States, 538 U.S. 500, 504 (2003). A procedural default, however, may be excused where the petitioner demonstrates "cause and actual prejudice" or "actual innocence." Bousley v. United States, 523 U.S. 614, 622 (1998) (internal citations omitted); United States v. Mikalajunas, 186 F.3d 490, 492–93 (1999). The court may proceed directly to the prejudice inquiry without first considering whether the petitioner has shown cause for the default. United States v. Frady, 456 U.S. 152, 167 (1982). To establish prejudice sufficient to excuse procedural default in this context, the petitioner must "demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). In the context of a guilty plea, the petitioner bears the burden of showing "a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 76 (2004); Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Petitioner did not raise his Rehaif claim during the underlying criminal proceedings or on direct appeal, and he does not attempt to establish prejudice to excuse his procedural default. He does not allege, for example, that he did not know of his felon status when he possessed the firearm

at issue. Moreover, petitioner's presentence investigation report establishes petitioner was sentenced to more than one year imprisonment for two felony convictions. (DE 36 ¶¶ 13, 15). In addition, petitioner admitted that he previously was convicted of a felony at his arraignment. (DE 50 at 18). Petitioner also fails to allege any facts establishing he would not have pleaded guilty had he been aware of the knowledge of status element. As the Supreme Court recently explained in an analogous context:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. "Felony status is simply not the kind of thing that one forgets." [United States v. Gary,] 963 F.3d 420, 423 (CA4 2020) (Wilkinson, J., concurring in denial of reh'g en banc). That simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant knew he was a felon based on the fact that he was a felon. A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decision to plead guilty. In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a "reasonable probability" that, but for the Rehaif error, the outcome of the district court proceedings would have been different.

Greer v. United States, 141 S. Ct. 2090, 2097 (2021). Where petitioner fails to establish a reasonable probability that but for the Rehaif error he would not have pleaded guilty, petitioner cannot demonstrate prejudice sufficient to overcome his procedural default. See Dominguez Benitez, 542 U.S. at 76; Satcher, 126 F.3d at 572. And for the same reasons set forth above, petitioner has not established actual innocence of his § 922(g) conviction. See Richardson v. Kornegay, 3 F.4th 687, 701 n.8 (4th Cir. 2021). Accordingly, petitioner's claim is procedurally defaulted.

4

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, petitioner's motion to vacate, set aside, or correct his sentence (DE 56, 61) is DENIED, respondent's motion to dismiss (DE 70) is GRANTED, and a certificate of appealability is DENIED. Respondent's motion to stay (DE 63) is DENIED as moot. The clerk is DIRECTED to close the instant § 2255 proceedings.

SO ORDERED, this the 20th day of December, 2021.

_____
LOUISE W. FLANAGAN
United States District Judge

5

Case 5:17-cr-00363-FL   Document 72   Filed 12/20/21   Page 5 of 5